UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ZENOVY T. TYMOCHKO,

        Plaintiff,

  v.

SANDRA GLASER, et al.,

        Defendants.

NO. CIV. S 03-0188 MCE PAN

ORDER ON REQUEST FOR RECONSIDERATION

----oo0oo----

In bringing the present request for reconsideration, Plaintiff Zenovy T. Tymochko ("Plaintiff") asks this Court to reconsider the vacate the April 4, 2005 Order issued by Magistrate Judge Peter A. Nowinski (hereinafter "Magistrate Judge") which imposed sanctions against Plaintiff in the amount of $1000.00 for his vexatious and harassing conduct in initiating and pursuing this action.  Since filing the instant reconsideration request on April 18, 2005, Plaintiff submitted a letter dated May 4, 2005 which attached a personal check in the amount of $1000.00 given that portion of the Magistrate Judge's

1 Order requiring that payment of the imposed sanction be made
2 within thirty (30) days.  Plaintiff has nonetheless requested
3 that the Clerk of the Court refrain from cashing his check
4 pending resolution of his request for reconsideration.

5     In reviewing a magistrate judge's determination, the
6 assigned judge shall apply the "clearly erroneous or contrary to
7 law" standard of review set forth in Local Rule 72-303(f), as
8 specifically authorized by Federal Rule of Civil Procedure 72(a)
9 and 28 U.S.C. § 636(b)(1)(A).[1]  Under this standard, the Court
10 must accept the Magistrate Judge's decision unless it has a
11 "definite and firm conviction that a mistake has been committed."
12 Concrete Pipe & Products of Calif., Inc. v. Construction Laborers
13 Pension Trust for So. Calif., 508 U.S. 602, 622 (1993).  If the
14 Court believes the conclusions reached by the Magistrate Judge
15 were at least plausible, after considering the record in its
16 entirety, the Court will not reverse even if convinced that it
17 would have weighed the evidence differently.  Phoenix Eng. &
18 Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141
19 (9th Cir. 1997).

20     After reviewing the evidence, this Court cannot say
21 that the Magistrate Judge's decision was clearly erroneous as
22 that standard has been defined.  The magistrate judge had
23 authority to issue monetary sanctions for harassing and vexatious
24 conduct pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Similarly, 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."

court's inherent authority.  Christian v. Mattel, Inc., 286 F.3d 1118, 1131 (9th Cir. 2002).  The Magistrate Judge articulated his reasons for concluding that Plaintiff's conduct here was vexatious and harassing, and this Court cannot say that those reasons are clearly erroneous.

Consequently Plaintiff's request for reconsideration is denied.  The Clerk of Court is directed to negotiate the personal check submitted by Plaintiff forthwith.

IT IS SO ORDERED.

DATED: MAY 9, 2005

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE